# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRENCE POLLARD | CIVIL ACTION |
| VERSUS | NO. 16-192 |
| N. BURL CAIN | SECTION "G"(5) |

## ORDER AND REASONS

Before the Court are Petitioner Terrence Pollard's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The Magistrate Judge recommended that the petition be dismissed with prejudice on the merits.[3] Petitioner objects to the Magistrate Judge's recommendation.[4] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, and dismiss this action with prejudice.

## I. Background

### A.   *Factual Background*

On November 14, 2008, Petitioner was charged by Bill of Information in the 24th Judicial District Court for the Parish of Jefferson with one count of armed robbery with a firearm and one

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 3.

[3] Rec. Doc. 13.

[4] Rec. Doc. 14.

count of attempted first degree murder.[5] On September 15, 2009, the case proceeded to trial, but a mistrial was declared after Petitioner "acted out in open court in front of the prospective jurors."[6] On February 22, 2011, the case proceeded to trial again, but a second mistrial was declared after Petitioner "slit his throat with a razor in open court."[7] Due to Petitioner's behavior at these trials, his competency was evaluated, and the state trial court ultimately determined that he was competent to proceed.[8]

The State subsequently amended the Bill of Information, dismissing the attempted murder charge and adding a charge of felon in possession of a firearm.[9] On August 16, 2011, the case proceeded to trial for a third time, and on August 18, 2011, Petitioner was found guilty of armed robbery with a firearm and being a felon in possession of a firearm.[10] On November 2, 2011, the trial court sentenced Petitioner to 50 years imprisonment for the armed robbery conviction and ten years imprisonment for the felon in possession of a firearm conviction.[11] On April 30, 2012, the trial court found Petitioner to be a multiple felony offender and resentenced him on the armed robbery conviction to 70 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence, to run concurrently with the sentence imposed for the felon in possession of a firearm conviction.[12]

---

[5] State Rec., Vol. I of VIII, Bill of Information, Nov. 14, 2008.

[6] State Rec., Vol. I of VIII, Minute Entry, Sept. 15, 2009.

[7] State Rec., Vol. I of VIII, Minute Entry, Feb. 23, 2011.

[8] State Rec., Vol. I of VIII, Transcripts, Sept. 16, 2009, Dec. 8, 2010, and Apr. 6, 2011.

[9] *See State v. Pollard*, 2012-KA-346 (La. App. 5 Cir. 12/18/12); 106 So. 3d 1194, 1196–97.

[10] State Rec., Vol. I of VIII, Minute Entry, Aug. 18, 2011.

[11] State Rec., Vol. I of VIII, Minute Entry, Nov. 2, 2011.

[12] State Rec., Vol. II of VIII, Minute Entry, Apr. 30, 2012.

On December 18, 2012, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's convictions and sentences.[13] On June 21, 2013, the Louisiana Supreme Court denied Petitioner's related writ application without stated reasons.[14]

On August 13, 2014, Petitioner filed an application for post-conviction relief with the state trial court.[15] The trial court denied the application on October 20, 2014.[16] The Louisiana Fifth Circuit denied Petitioner's related writ application on January 26, 2015,[17] and the Louisiana Supreme Court also denied relief on December 7, 2015.[18]

On January 6, 2016, Petitioner filed the instant federal habeas petition.[19] Petitioner raises the following grounds for relief: (1) Petitioner was denied of the right to judicial review on direct appeal because the record did not include transcripts of the voir dire proceedings, opening statements, or closing arguments; (2) there was insufficient evidence to support Petitioner's conviction; (3) Petitioner received ineffective assistance of trial counsel; and (4) Petitioner received ineffective assistance of appellate counsel.[20] The State filed a response, arguing that the claims should be dismissed on the merits.[21]

---

[13] *Pollard*, 106 So. 3d at 1194.

[14] *State v. Pollard*, 2013-KO-140 (La. 6/21/13); 118 So. 3d 408.

[15] State Rec., Vol. V of VIII, Application for Post-Conviction Relief, Aug. 13, 2014.

[16] State Rec., Vol. V of VIII, Order Denying Application for Post-Conviction Relief, Oct. 20, 2014.

[17] *State v. Pollard*, 2014-KH-901 (La. App. 5 Cir. 1/26/15); State Rec. Vol. V of VIII.

[18] *State ex rel. Pollard v. State*, 2015-KH-386 (La. 12/7/15); 180 So. 3d 1282.

[19] Rec. Doc. 3.

[20] *Id.*

[21] Rec. Doc. 12.

### B.     *Report and Recommendation Findings*

In the Report and Recommendation, the Magistrate Judge recommended that this Court dismiss the petition with prejudice.[22] First, the Magistrate Judge addressed Petitioner's claim that he was denied the right to judicial review on direct appeal because the record did not include transcripts of voir dire, opening statements, or closing arguments.[23] The Magistrate Judge noted that on direct appeal Petitioner's appointed counsel filed a motion to supplement the record with "the transcript and minute entry for the multiple bill hearing and the opening statements and closing arguments or a statement of no objections."[24] The Magistrate Judge also noted that the record was supplemented accordingly with the transcript and minute entry from the multiple offender hearing and a verified statement by the court reporter that no objections were made during either opening statements or closing arguments.[25] The Magistrate Judge found Petitioner's claim that the failure to transcribe voir dire, opening statements, and closing arguments violated state law was not cognizable on federal habeas review.[26]

Moreover, to the extent that Petitioner argued that the failure to provide the transcripts violated federal law, the Magistrate Judge found this argument unavailing.[27] The Magistrate Judge noted that the Fifth Circuit has determined that the State is not "required to furnish complete transcripts so that the defendants may conduct fishing expeditions to seek out possible errors at

---

[22] Rec. Doc. 13.

[23] *Id.* at 8–11.

[24] *Id.* at 9 (quoting State Rec., Vol. II of VIII, Motion to Supplement).

[25] *Id.* (citing State Rec., Vol. III of VIII, Supplement to Record on Direct Appeal).

[26] *Id.* at 10 (citing 28 U.S.C. § 2254; *Engle v. Isaac*, 456 U.S. 107, 119 (1983)).

[27] *Id.*

4

trial."[28] Because the missing portions of the transcript were immaterial to the claims asserted on appeal, the Magistrate Judge concluded that the record was adequate for full appellate review and there was no denial of a meaningful appeal.[29] Accordingly, the Magistrate Judge concluded that the state courts' denial of relief on this claim was not contrary to, or an unreasonable application of, federal law.[30]

Second, the Magistrate Judge addressed Petitioner's claim that the evidence was insufficient to support the armed robbery conviction because the State failed to prove that Petitioner was armed with a dangerous weapon.[31] Specifically, Petitioner argued that the gun used in the robbery had no firing pin and was inoperable.[32] The Magistrate Judge found this argument unavailing because Louisiana courts have held that an unworkable weapon can support an armed robbery conviction "if the jury determines the interaction between the offender and the victim created a highly charged atmosphere whereby there was danger of serious bodily harm resulting from the victim's fear for his life."[33] Moreover, the Magistrate Judge noted that whether a weapon is a "dangerous weapon" is a question of fact for the jury to decide.[34] Therefore, the Magistrate Judge found that deference must be given to the jury's determination that the gun was a "dangerous weapon," as there was ample evidence to support this determination.[35] Accordingly, the Magistrate

---

[28] *Id.* (citing *Kunkle v. Dretke*, 352 F.3d 980, 985–86 (5th Cir. 2003)).

[29] *Id.* at 11 (citing *See Higginbotham v. Louisiana*, 817 F.3d 217, 222 (5th Cir. 2016)).

[30] *Id.*

[31] *Id.* at 11–18.

[32] *Id.* at 11–12.

[33] *Id.* at 15 (citing *State v. Chisholm*, 49-043 (La. App. 2 Cir. 5/14/14); 139 So.3d 1091, 1099).

[34] *Id.* at 16 (citing *State v. Lewis*, 39-263 (La. App. 2 Cir. 1/26/05), 892 So.2d 702, 707).

[35] *Id.* at 17–18.

Judge concluded that the state courts' denial of relief on this claim was not contrary to, or an unreasonable application of, federal law.[36]

Third, the Magistrate Judge addressed Petitioner's ineffective assistance of trial counsel claims.[37] Specifically, Petitioner asserted that his trial counsel: (1) failed to conduct an adequate investigation to prove that the gun was inoperable when found by the police; (2) failed to pursue the theory that Petitioner was only guilty of first-degree robbery because the gun did not have a firing pin; (3) entered a disadvantageous joint stipulation that at the time of trial the firearm did not have a firing pin and was incapable of firing bullets; and (4) failed to object to a jury instruction that the State had no burden to prove that the gun was loaded or capable of firing.[38] The Magistrate Judge noted that each of Petitioner's arguments rested on the faulty premise that he could not be found guilty of armed robbery if the gun was inoperable.[39] Therefore, the Magistrate Judge concluded that the jury instruction accurately reflected the law, and defense counsel's decision not to pursue a meritless objection to a jury charge did not constitute deficient performance.[40]

Similarly, the Magistrate Judge found that defense counsel's decision not to subpoena witnesses or conduct additional investigation and expend time and resources to establish at trial that the gun was inoperable was objectively reasonable.[41] Furthermore, the Magistrate Judge determined that the joint stipulation strongly implied that the gun was inoperable since it had no firing pin and there was no reason to presume that the gun was not in that condition at the time it

---

[36] *Id.* at 18.

[37] *Id.* at 18–23.

[38] *Id.* at 18, 20.

[39] *Id.* at 21.

[40] *Id.*

[41] *Id.*

was found by police.[42] The Magistrate Judge also noted that the trial court instructed the jury that first-degree robbery was a lesser included verdict to armed robbery and informed the jury of the elements required for that offense.[43] Moreover, the Magistrate Judge determined that Petitioner had not shown that he was prejudiced by defense counsel's performance, because proving that the gun was inoperable likely would not have changed the outcome of the trial.[44] Therefore, the Magistrate Judge recommended that the Court find that Petitioner is not entitled to relief on his ineffective assistance of trial counsel claim.[45]

Finally, the Magistrate Judge addressed Petitioner's claim that his appellate counsel was ineffective for failing to raise the sufficiency of the evidence claim on direct appeal.[46] Because the sufficiency of the evidence claim was meritless, the Magistrate Judge found that appellate counsel did not perform ineffectively in failing to raise it.[47] Accordingly, the Magistrate Judge determined that the state court's denial of relief on Petitioner's ineffective assistance of counsel claims was not contrary to, or an unreasonable application of, federal law.[48]

---

[42] *Id.*

[43] *Id.* at 21–22.

[44] *Id.* at 22.

[45] *Id.* at 23

[46] *Id.* at 23–24.

[47] *Id.* at 24.

[48] *Id.*

## II. Objections

*A.     Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[49] First, Petitioner objects to the Magistrate Judge's determination that he is not entitled to relief on the claim that he was denied judicial review on direct appeal.[50] Petitioner contends that clearly established federal law requires that states afford indigent prisoners adequate access to their trial transcripts.[51] Petitioner asserts that he did not have adequate access to his trial transcripts.[52] He argues that the Magistrate Judge erred in requiring him to prove prejudice, because the prejudice was the denial of access to the complete trial transcripts.[53]

Second, Petitioner objects to the Magistrate Judge's determination that Petitioner is not entitled to relief on the sufficiency of the evidence claim.[54] Petitioner concedes that a toy gun can be considered a "dangerous weapon" under Louisiana law "if the jury determines the interaction between the offender and the victim created a highly charged atmosphere whereby there was danger of serious bodily harm resulting from the victim's fear for his life."[55] However, Petitioner contends that in his case there was "no highly charged atmosphere."[56] Accordingly, Petitioner

---

[49] Rec. Doc. 14.

[50] *Id.* at 1.

[51] *Id.*

[52] *Id.*

[53] *Id.*

[54] *Id.* at 2.

[55] *Id.*

[56] *Id.*

8

asserts that "the evidence affirmatively demonstrates that he is guilty of only first degree robbery."[57]

Third, Petitioner objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on the ineffective assistance of trial counsel claim.[58] Petitioner contends that "[j]ust because the evidence may have been sufficient to sustain [his] armed robbery conviction does not mean that [his] attorney was not ineffective for failing to argue for a verdict of first degree robbery."[59] He asserts that his "counsel could have put forth a persuasive argument that there was no highly charged atmosphere."[60] Furthermore, Petitioner argues that the fact the jury was instructed on first degree robbery does not cure counsel's error," because "[t]he jury likely thought that defense counsel would have argued for a verdict of first degree robbery if that was in fact a viable option."[61]

## B.  *State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

## III. Standard of Review

### A.  *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[62] The District Judge must

---

[57] *Id.*

[58] *Id.* at 3.

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

9

"determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[63] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[64]

## B.     *Standard of Review Under the AEDPA*

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[65] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[66] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[67]

> Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:
>
> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct

---

[63] Fed. R. Civ. P. 72(b)(3).

[64] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[65] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[66] 28 U.S.C. § 2254(d)(2).

[67] 28 U.S.C. § 2254(d)(1).

governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[68]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[69] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[70]

## **IV. Law and Analysis**

### A.  *Petitioner's Claim Regarding Denial of the Right to Judicial Review*

Petitioner objects to the Magistrate Judge's determination that he is not entitled to relief on the claim that he was denied judicial review on direct appeal because the record did not include transcripts of voir dire, opening statements, or closing arguments.[71] Petitioner argues that the Magistrate Judge erred in requiring him to prove prejudice, because he was prejudiced by being denied access to his complete trial transcripts.[72] Accordingly, the Court reviews this issue *de novo*.[73]

As the Supreme Court has recognized, "if a State has created appellate courts as 'an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant,' the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection

---

[68] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[69] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[70] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[71] *Id.* at 1.

[72] *Id.*

[73] Fed. R. Civ. P. 72(b)(3).

11

Clauses of the Constitution."[74] However, the Fifth Circuit has held that "a complete verbatim transcript is not always required to ensure that a defendant's right to meaningful appellate review is satisfied."[75] The record is "adequate for full appellate review so long as it contains the portions necessary to address the alleged errors below."[76] The State is not required to provide "parts of the transcript that are not germane to consideration of the appeal" or "to furnish complete transcripts so that the defendants may conduct fishing expeditions to seek out possible errors at trial."[77] To succeed on a claim based on an incomplete trial transcript, a petitioner must show that "the absence of such a transcript prejudiced [the petitioner's] appeal."[78]

Petitioner contends that he was denied judicial review on direct appeal because the record did not include transcripts of voir dire, opening statements, or closing arguments. On direct appeal, Petitioner's counsel raised two issues: (1) whether Petitioner was competent to stand trial; and (2) whether there was sufficient evidence to support the multiple offender adjudication.[79] Therefore, transcripts of voir dire, opening statements, and closing arguments were not material to the issues raised on appeal. Furthermore, the appellate record included a verified statement by the court reporter that no objections were made during either opening statements or closing arguments.[80] Petitioner has not identified any error during those portions of his trial that could have been raised

---

[74] *Evitts v. Lucey*, 469 U.S. 387, 393 (1985) (quoting *Griffin v. Illinois*, 351 U.S. 12, 18 (1956) (alteration in original)).

[75] *Higginbotham v. Louisiana*, 817 F.3d 217, 222 (5th Cir. 2016) (citing *Moore v. Wainwright*, 633 F.2d 406, 408 (5th Cir. 1980) (quotation marks omitted).

[76] *Id.* (citing *Schwander v. Blackburn*, 750 F.2d 494, 497–98 (5th Cir. 1985) (quotation marks omitted)).

[77] *Kunkle v. Dretke*, 352 F.3d 980, 985–86 (5th Cir. 2003) (for free those parts of the transcript that are not "germane to consideration of the appeal." (citations omitted).

[78] *Higginbotham*, 817 F.3d at 222 (quoting *Mullen v. Blackburn*, 808 F.2d 1143, 1146 (5th Cir.1987)).

[79] *Pollard*, 106 So. 3d at 1194.

[80] State Rec., Vol. III of VIII, Supplement to Record on Direct Appeal.

on direct appeal. Therefore, because Petitioner has not shown that the missing portions of the transcript were material to his appeal, the record was adequate for full appellate review and Petitioner was not denied a meaningful appeal. Accordingly, the state courts' denial of relief on this claim was not contrary to, or an unreasonable application of, federal law.

B.    *Sufficiency of the Evidence Claim*

Petitioner objects to the Magistrate Judge's determination that Petitioner is not entitled to relief on the sufficiency of the evidence claim.[81] Petitioner argues that the evidence was insufficient to support his conviction for armed robbery because the gun used in the robbery was inoperable.[82] Petitioner concedes that an inoperable gun can be considered a "dangerous weapon" under Louisiana law "if the jury determines the interaction between the offender and the victim created a highly charged atmosphere whereby there was danger of serious bodily harm resulting from the victim's fear for his life."[83] However, Petitioner contends that in his case there was "no highly charged atmosphere."[84] Accordingly, Petitioner asserts that "the evidence affirmatively demonstrates that he is guilty of only first degree robbery."[85] Therefore, the Court reviews this issue *de novo*.[86]

---

[81] Rec. Doc. 14 at 2.

[82] *Id.*

[83] *Id.*

[84] *Id.*

[85] *Id.*

[86] Fed. R. Civ. P. 72(b)(3).

13

In *Jackson v. Virginia*, the Supreme Court held that an "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[87] As the Supreme Court explained:

> [T]his inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[88]

It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[89] Thus, "[t]he jury's finding of facts will be overturned only when necessary to preserve the fundamental protection of due process of law."[90]

Petitioner challenges the sufficiency of the evidence to support his armed robbery conviction. Louisiana Revised Statute § 14:64(A) provides that "[a]rmed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." Louisiana Revised Statute § 14:2(A)(3) defines a dangerous weapon as "any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." Louisiana appellate courts have recognized that "[a] person who commits a robbery by pointing an unloaded and unworkable pistol at the victim can be adjudged guilty of

---

[87] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[88] *Id.* at 319 (emphasis in original) (quotation marks and citations omitted).

[89] *Id.*

[90] *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (quotation marks and citations omitted).

armed robbery."[91] "Additionally, a toy gun can be considered a dangerous weapon if the jury determines the interaction between the offender and the victim created a highly charged atmosphere whereby there was danger of serious bodily harm resulting from the victim's fear for his life."[92]

In the instant case, Petitioner concedes that an inoperable gun can be considered a dangerous weapon under Louisiana law, but he contends that the inoperable gun should not have been considered a dangerous weapon in this case because the atmosphere was not highly charged. At trial, the victim testified that the perpetrator "knocked [her] in the garden, and he put the gun to my side. And at that time, he clicked it. He clicked it, actually, and that's when I knew the gun was real."[93] Two eyewitnesses also testified that they saw the perpetrator threaten the victim with a gun.[94] Based upon this testimony, a reasonable jury could have found that "the interaction between the offender and the victim created a highly charged atmosphere whereby there was danger of serious bodily harm resulting from the victim's fear for [her] life."[95] On habeas review, the Court "must defer to the fact-finder to evaluate the credibility of witnesses."[96] When the evidence in this case is viewed in the light most favorable to the prosecution, it cannot be said that

---

[91] *State v. Chisholm*, 49,043 (La. App. 5 Cir. 5/14/14); 139 So.3d 1091, 1099 (citing *State v. Levi*, 259 La. 591, 250 So.2d 751 (1971); *State v. Lewis*, 39,263 (La. App. 2d Cir. 1/26/05); 892 So.2d 702).

[92] *Id.* (citing *State v. Woods*, 97-0800 (La. App. 1st Cir. 6/29/98); 713 So.2d 1231, *writ denied*, 98-3041 (La. 4/1/99); 741 So.2d 1281; *State v. Kemp*, 39,358 (La. App. 2d Cir. 3/11/05); 896 So.2d 349, *writ denied*, 05-0937 (La. 12/9/05); 916 So.2d 1052).

[93] State Rec., Vol. II of VIII, Trial Transcript at 23–24.

[94] *Id.* at 49, 86.

[95] *Chisholm*, 139 So.3d at 1099 (citing *State v. Woods*, 97-0800 (La. App. 1st Cir. 6/29/98); 713 So.2d 1231, *writ denied*, 98–3041 (La. 4/1/99); 741 So.2d 1281; *State v. Kemp*, 39,358 (La.App.2d Cir.3/11/05); 896 So.2d 349, *writ denied*, 2005–0937 (La.12/9/05), 916 So.2d 1052).

[96] *Knox v. Butler,* 884 F.2d 849, 851–52 (5th Cir. 1989).

the jury's determination that there was a highly charged atmosphere was irrational.[97] Accordingly, the Court finds that Petitioner has not established that he is entitled to relief on this claim.

C.   *Ineffective Assistance of Trial Counsel Claim*

The Magistrate Judge found that Petitioner was not entitled to relief on the claims that his trial counsel performed ineffectively by: (1) failing to conduct an adequate investigation to prove that the gun was inoperable when found by the police; (2) failing to pursue the theory that Petitioner was only guilty of first-degree robbery because the gun did not have a firing pin; (3) entering a disadvantageous joint stipulation that at the time of trial the firearm did not have a firing pin and was incapable of firing bullets; and (4) failing to object to a jury instruction that the State had no burden to prove that the gun was loaded or capable of firing.[98] Petitioner objects to the Magistrate Judge's recommendation, arguing that "counsel could have put forth a persuasive argument that there was no highly charged atmosphere."[99] Therefore, the Court reviews these issues *de novo*.[100]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[101] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[102] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct

---

[97] *Jackson*, 443 U.S. at 319.

[98] Rec. Doc. 13 at 20–23.

[99] Rec. Doc. 14 at 3.

[100] Fed. R. Civ. P. 72(b)(3).

[101] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[102] *Id.* at 697.

16

falls within a wide range of reasonable representation.[103] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[104] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[105] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[106] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[107]

In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[108] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[109] Thus, this standard is considered "doubly deferential" on habeas corpus review.[110]

---

[103] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[104] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[105] *See Strickland*, 466 U.S. at 689.

[106] *Id*. at 694.

[107] *Id*.

[108] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

[109] *Id*.

[110] *Id*.

In the objections to the Report and Recommendation, Petitioner contends that counsel erred in failing to pursue an argument that the inoperable gun should not have been considered a dangerous weapon because the atmosphere was not highly charged. As the Fifth Circuit has recognized, "[t]rial counsel's strategic decisions must be given a strong degree of deference."[111] Furthermore, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[112] As discussed above, at trial, the victim testified that the perpetrator "knocked [her] in the garden, and he put the gun to my side. And at that time, he clicked it. He clicked it, actually, and that's when I knew the gun was real."[113] Two eyewitnesses also testified that they saw the perpetrator threaten the victim with a gun.[114] Petitioner presents no argument regarding the theory he believes counsel should have pursued to establish that the atmosphere was not highly charged. Accordingly, the Court concludes that the state courts' denial of relief on Petitioner's ineffective assistance of trial counsel claim was not contrary to, or an unreasonable application of, Supreme Court law.

### D. *Ineffective Assistance of Appellate Counsel Claim*

Petitioner does not object to the Magistrate Judge's finding that the state courts' denial of relief on Petitioner's ineffective assistance of appellate counsel claim was not contrary to, or an

---

[111] *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (citing *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993)).

[112] *Id.* at 434 (quoting *Strickland*, 466 U.S. at 690).

[113] State Rec., Vol. II of VIII, Trial Transcript at 23–24.

[114] *Id.* at 49, 86.

unreasonable application of, federal law.[115] Accordingly, the Court reviews this issue for plain error.[116]

To prevail on a claim that appellate counsel was ineffective, a petitioner must show that appellate counsel unreasonably failed to discover and assert a non-frivolous issue and establish a reasonable probability that he would have prevailed on this issue but for his counsel's deficient representation.[117] However, appellate counsel are not required to assert every non-frivolous issue to be found effective.[118] Rather, appellate counsel is entitled to legitimately select among non-frivolous claims based on his or her professional judgement as a means by which to increase the client's likelihood of success.[119] Furthermore, appellate counsel even has the discretion to exclude non-frivolous issues if they reasonably determine that the issue is unlikely to prevail.[120]

Petitioner has not shown that his appellate counsel would have been able to assert a non-frivolous claim regarding the sufficiency of the evidence supporting his armed robbery conviction. Therefore, Petitioner has not demonstrated that his appellate counsel's decision not to raise this issue on appeal was objectively unreasonable or that, but for the failure to raise the issue, the result of the proceeding would have been different. Accordingly, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge determination that the state court's denial of relief on Petitioner's ineffective assistance of appellate counsel claim was neither contrary to, nor an unreasonable application of, federal law.

---

[115] Rec. Doc. 14.

[116] *See Douglass*, 79 F.3d at 1428–29.

[117] *Briseno v. Cockrell*, 274 F.3d 204, 207 (2001); *Smith v. Robbins,* 528 U.S. 259, 285–86 (2000).

[118] *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

[119] *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983).

[120] *Anderson v. Quarterman*, 204 F. App'x 402, 410 (5th Cir. 2006).

## V. Conclusion

For the reasons stated above, Petitioner has not shown that the state courts' denial of relief on his claims was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Terrence Pollard's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this __12th__ day of July, 2018.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**